IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONNIE LYNN GORDON,

      Plaintiff,                         No. 2:10-CV-1198 GGH

      vs.

MICHAEL J. ASTRUE,                 ORDER
Commissioner of
Social Security,

      Defendant.

_____/

On August 24, 2011, the court granted plaintiff's motion for summary judgment and remanded the case for payment of benefits. Before the court is the Commissioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) filed on September 21, 2011. Plaintiff has filed an opposition.

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5

F.3d 1255, 1263 (9th Cir. 1993).

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).  The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal.1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted).

Here, the Commissioner's Rule 59(e) motion does not present new law or facts. Instead, the Commissioner contends that the court's order contained "manifest errors of law and fact." The thrust of the Commissioner's motion appears to be that this court inappropriately assumed the role of a fact-finder. This argument is without merit. In its analysis, the court did not re-weigh conflicting evidence or independently assess any person's credibility. To the contrary, the court found that the ALJ committed *legal error* when he did not provide legitimate reasons for adopting the non-treating physicians' opinions over that of plaintiff's treating physician, which the court found to be well supported and consistent with her diagnoses and findings over the course of treatment. The court also found that the ALJ had failed to articulate clear and convincing reasons for rejecting plaintiff's testimony, and neglected to meaningfully

////

////

address statements submitted by relatives and acquaintances.[1]

In its motion, the Commissioner mostly repeats the same arguments made in its cross-motion for summary judgment, citing primarily the same authorities and highlighting the same record evidence. Those arguments and evidence were previously carefully considered by the court, and do not provide a basis for amending the judgment. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Canas, 92 F.R.D. at 390.

The Commissioner further argues that, even if the court is not prepared to affirm the ALJ's decision, it should remand this case for further proceedings instead of an award of benefits. However, where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating physician, the opinion is credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Similarly, where the ALJ improperly rejects the claimant's testimony regarding her limitations and the claimant would be disabled if her testimony were credited, that testimony is credited as a matter of law. Id. In light of these principles, there are no remaining issues that must be resolved and "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Even if the "credit as true" rule is not mandatory, see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the court finds that its application is warranted in this case where the record has been sufficiently developed and further administrative proceedings would serve no useful purpose.

In sum, the Commissioner has failed to show clear error in the court's prior order. Because the Commissioner "has brought up nothing new – except his displeasure – this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal

---

[1] The court will not here repeat the substance of its August 24, 2011 order, and refers the parties to that order for details as to the court's earlier findings and holdings.

– not reargument." <u>Canas</u>, 92 F.R.D. at 390.

Accordingly, for the reasons outlined above, the Commissioner's motion to alter or amend the judgment (dkt. no. 21) is denied.

DATED: October 24 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Gordon1198.ss.mtn.amend.wpd