IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONNIE LYNN GORDON,

      Plaintiff,                    No. 2:10-CV-1198 GGH

   vs.

MICHAEL J. ASTRUE,             <u>ORDER</u>
Commissioner of
Social Security,

      Defendant.
_____/

        On August 24, 2011, plaintiff obtained a judgment remanding her case to the Commissioner of Social Security ("Commissioner") for payment of benefits. (Dkt. Nos. 19-20.) Plaintiff's counsel, having subsequently been awarded $5,900.00 in EAJA fees for court work in this Social Security disability case pursuant to a stipulation with the Commissioner (dkt. no. 26), has now applied for fees pursuant to the retainer agreement and 42 U.S.C. § 406(b), so that the legally capped 25% of back benefits awarded to plaintiff will be payable to counsel. (Dkt. No. 28.) That is, counsel seeks $9,625.76 in addition to the already awarded $5,900.00 so that the 25% figure ($15,525.76) is the amount counsel will actually receive in total.

        The Commissioner, typically acting not as an adversary but as an adviser to the court with respect to these fee requests, did not file a response. As such, it is assumed that the

Commissioner does not contest the quality of the work; nor does the undersigned. Counsel was not dilatory in her work, and the case involved matters routinely adjudicated in Social Security disability cases.

Although plaintiff's counsel did not give information about her normal billing rate, her prior briefing with respect to the motion for EAJA fees stated that plaintiff's counsel spent approximately 36.95 hours on the case in 2010 and 2011. (Dkt. No. 24-2.) If the total fees sought by counsel, both from EAJA and § 406(b) are considered, counsel's computed hourly rate would be approximately $420.18 ($15,525.76 divided by 36.95 hours).

In Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit emphasized the "primacy" of the retainer agreement in assessing whether § 406 fees were reasonable. Factors which could detract from this primacy were whether counsel's work was substandard, whether counsel had unnecessarily delayed work in the case (thus resulting in a higher back pay award from which fees could be computed) or that the § 406 fees requested would constitute a "windfall," i.e. would not be proportional to the time spent on the case.[1] Computed hourly rates in the Crawford trilogy of combined cases of up to $900 per hour (computed by dividing the total amount sought by the number of hours expended) were found to be reasonable. Although Crawford, almost grudgingly, permitted a reviewing court to compare the actual computed hourly rate with a reasonable hourly rate, the Ninth Circuit evidently believes a rate of $900 per hour to be reasonable. There are no precise standards given in Crawford as to what might seem out of bounds for a reasonable hourly rate. Crawford also focused on the fact that in its cases, the attorneys involved, perhaps with a pang of conscience, did not seek to recover the entire 25% maximum allowed under the statute. In the view of Crawford, this fact made the attorneys' requests reasonable.

---

[1] This last factor was not defined or explained in much detail. In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.

2

The court is tasked with reviewing the reasonableness of § 406 (b) fee requests because these fees are taken from the amount of disability benefits, of which payment to the disability plaintiff has been delayed over the course of the disability adjudication in court. Generally, the disability claimants are not well to do. Based on the Crawford court's finding that hourly rates of up to $900 were not excessive, counsel's request for $420.18 per hour appears acceptable. As such, the undersigned could not apply Crawford and find the § 406(b) fees sought here unreasonable. Reducing § 406(b) fees after Crawford is a dicey business.

CONCLUSION

1. Plaintiff's counsel's motion for attorneys' fees under § 406(b) (dkt. no. 28) is GRANTED.

2. The Commissioner shall pay plaintiff's counsel in this case the sum of $9,625.76 in § 406(b) attorneys' fees. The remainder withheld from the back benefits awardable to plaintiff shall be disbursed to plaintiff.

DATED: August 10, 2012

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Gordon.1198.406b.wpd